Citation Nr: 1237397 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 08-31 102 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to a disability evaluation in excess of 20 percent for chronic low back strain and lumbar spondylosis. 


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Joseph R. Keselyak, Counsel



INTRODUCTION

The Veteran served on active duty from July 1987 to March 1990.

This matter comes to the Board of Veterans' Appeals (Board) from a February 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

This matter was last before the Board in February 2012 when it was remanded for further development. The appeal is once again REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

When this matter was last before the Board, it was remanded to have the Agency of Original Jurisdiction (AOJ) issue a Supplemental Statement of the Case (SSOC) as a January 2011 examination report, available in the Veteran's Virtual VA claims file, had not been considered in the first instance by the RO. See 38 C.F.R. §§ 19.31, 19.37. That development was completed in October 2012. 

The Board is further concerned, however, that a review of the January 2011 examination report notes that the Veteran complained of erectile dysfunction and bladder problems, which he related to his service-connected low back disability. The examination report does not address these contentions, diagnose these conditions (other than by history) or discuss the etiology of these symptoms, to include confirming whether or not these complaints are actually related to his service-connected lumbar spine disability. Similarly, the Veteran's earlier VA examination also contained similar complaints without providing any diagnoses or etiology opinion. As the examinations did not address these questions, the examination report is inadequate. Id. Accordingly, it must be returned for clarification. 38 C.F.R. § 4.2. 

In this regard, the Board is aware that a December 7, 2011, memorandum from the Appeals Management Center (AMC) notes that the issue of service connection for erectile dysfunction was raised by the record, and that this claim was apparently referred to the Muskogee RO. The Board notes that the General Rating Formula for Diseases and Injuries of the Spine provides that any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment are to be rated separately under an appropriate diagnostic code. See 38 C.F.R. § 4.71a, Diagnostic Code 5237, Note (1). Accordingly, the Board does not find it necessary to refer these "claims" as they are part and parcel of the Veteran's original claim for increase. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009)

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination, to include a complete physical examination, in order to determine the current severity of his service-connected chronic low back strain and lumbar spondylosis. Any tests deemed necessary should be conducted, and all clinical findings should be reported in detail. The complete claims folder must be provided to the examiner for review in conjunction with the examination. The examination report should specifically state the degree of disability present in the low back and his current range of motion in this spinal segment, as well as identify any objective evidence of pain. Any neurological abnormalities, to include erectile dysfunction, bladder impairment and lower extremity symptoms, e.g. paresthesias, weakness, etc., resulting from the service-connected low back disability should be discussed. 

As to any such abnormalities noted, to include urinary complaints and erectile dysfunction, the examiner must offer an opinion as to the likelihood that such manifestations are due to his service-connected lumbar spine disability. The clinician should also discuss how the Veteran's disability impacts his daily activities of living. The extent of any weakened movement and excess fatigability on use should be described. To the extent possible, the functional impairment due to weakened movement and excess fatigability on use should be assessed in terms of additional degrees of limitation of motion. Range of motion studies should be conducted using a goniometer and the use thereof should be noted in the examination report.

Any and all opinions must be accompanied by a complete rationale. If the examiner is unable to reach an opinion without resort to speculation, he or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

2. After the development requested above has been completed to the extent possible, the RO should again review the record and adjudicate the claim on appeal. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a SSOC and given the opportunity to respond thereto before this case is returned to the Board.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).